IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **PAMELA B. HANNAN**, <br><br> Plaintiff, <br><br> v. <br><br> **BUSINESS JOURNAL PUBLICATIONS, INC.**; **AMERICAN CITY BUSINESS JOURNALS, INC**; and **JAMES C. WESSEL**, <br><br> Defendants. | Case No. 3:14-cv-00831-SB <br><br> **OPINION AND ORDER ADOPTING FINDINGS AND RECOMMENDATION** |

**Michael H. Simon, District Judge.**

United States Magistrate Judge Stacie F. Beckerman issued Findings and Recommendation in this case on October 2, 2015. Dkt. 46 (hereinafter "F&R"). Judge Beckerman recommended that Defendants' motion for summary judgment (Dkt. 29) be granted in part and denied in part. Judge Beckerman recommended denying Defendants' motion against Plaintiff's claims for violation of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001-1461, violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621-634, and violation of Oregon Revised Statutes (hereinafter "ORS") § 659A.030(1)(a). Judge Beckerman recommended granting Defendants' motion against

Plaintiff's claims for breach of contract and aiding and abetting age discrimination in violation of ORS § 659A.030(1)(g).

Under the Federal Magistrates Act ("Act"), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1)(C). If a party files objections to a magistrate's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3). For those portions of a magistrate's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."). Nor, however, does the Act "preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate's recommendations for "clear error on the face of the record."

Defendants timely filed objections (Dkt. 49), to which Plaintiff Pamela B. Hannan ("Hannan") responded. Dkt. 50. Defendants argue that Hannan failed to establish a prima facie case of ERISA interference and age discrimination under federal and state law. Defendants further argue that Hannan failed to raise genuine issues of material fact regarding whether Defendants' stated reasons for terminating Hannan's employment were pretextual. Hannan responds that she established a prima facie case of ERISA interference because she raised genuine issues regarding whether: (1) she was qualified for her position; and (2) the circumstances of her discharge give rise to an inference of discrimination. Hanna also argues that

PAGE 2 – OPINION AND ORDER

she has established a prima facie case of age discrimination under federal and state law because she raised genuine issues of material fact regarding the same matters as required for her ERISA claim and whether she was performing her job satisfactorily. She further argues that she has presented sufficient evidence of pretext to withstand summary judgment. Her evidence includes the fact that although Defendants claim they eliminated Hannan's position, Defendants hired someone else to perform Hannan's previous duties. Hannan also presents evidence that Defendants were concerned about the cost of retiree health insurance and that Defendants terminated Hannan eighteen months before she would otherwise have qualified for retiree health insurance benefits.

In addition, Hannan timely filed an objection to the F&R (Dkt. 48), and Defendants responded. Dkt. 51. Hannan objects to the entry of summary judgment against her claim of aiding and abetting under ORS § 659A.030(1)(g). According to Hannan, she raised a genuine issue of material fact regarding who had authority to terminate her, and thus, the extent of the authority of Defendant James Craig Wessel ("Wessel") is in dispute. If, however, Wessel did possess and exercise executive authority and if he served as the primary actor in the decision to terminate Hannan, she cites no case law or legislative history that suggests the Court should allow her aiding and abetting claim against Wessel to progress. Hannan does not object to the entry of summary judgment against her breach of contract claim. In their response to Hannan's objection, Defendants emphasize that Hannan has not presented evidence contravening the deposition testimony of multiple witnesses that Wessel had ultimate decision-making authority about whether to terminate Hannan's employment.

The Court reviews *de novo* those portions of the F&R to which the parties object. The Court reviews for clear error those portions of the F&R to which the parties have not objected.

Judge Beckerman thoroughly and thoughtfully recited the facts of the case and the relevant law. The evidence presented by both parties demonstrates a genuine dispute of material fact regarding the reasons for Hannan's termination. The facts presented also show that to the extent Wessel brought the decision to terminate Hannan to corporate headquarters, Wessel presented the decision as a *fait accompli*. Dkt. 31-1 at 4; Dkt. 31-3 at 7-8. Hannan does not present a genuine dispute sufficient to show that the Court, in this case, should decline to follow other decisions in this district that have held that ORS § 659A.030(1)(g) is inapplicable to primary actors because "a person cannot aid and abet herself." *White v. Amedisys Holding, LLC*, 2012 WL 7037317, at *5 (D. Or. Dec. 18, 2012), *report and recommendation adopted*, 2013 WL 489674 (D. Or. Feb. 7, 2013) (citing *Gaither v. John Q. Hammons Hotels Mgmt., LLC*, 2009 WL 9520797 (D. Or. Sept. 3, 2009) and *Sniadoski v. Unimart of Portland Inc* ., 1993 WL 797438 (D. Or. Oct. 29, 1993)). Because Wessel served as the primary actor in the decision to terminate Hannan, she has not established that Wessel has any liability for aiding and abetting discrimination under ORS § 659A.030(1)(g). The Court thus adopts the F&R.

## CONCLUSION

The Court ADOPTS Judge Beckerman's F&R. Defendants' Motion for Summary Judgment (Dkt. 29) is DENIED IN PART and GRANTED IN PART. The Court denies summary judgment on Hannan's claims for violation of ERISA, ADEA, and ORS § 659A.030(1)(a). The Court grants summary judgment on Hannan's claims for breach of contract and aiding and abetting age discrimination in violation of ORS § 659A.030(1)(g).

**IT IS SO ORDERED**.

DATED this 30th day of November, 2015.

/s/ Michael H. Simon  
Michael H. Simon  
United States District Judge